LILLIE *v.* AUDITOR GENERAL.

TAXATION—MANDAMUS—REDEMPTION—CERTIFICATE OF ERROR.
> During the pendency of a suit involving relator's right to redeem from a tax sale, mandamus will not lie to determine the same issues and to compel the auditor general to issue a certificate of error and permit the relator to redeem from the sale without paying the statutory penalty.

Mandamus by Walter I. Lillie, trustee of the estate of Mary A. White, deceased, against Oramel B. Fuller, auditor general, to compel the issuance of a certificate of error as against certain sales of State tax lands, and for other relief. Submitted December 19, 1912. (Calendar No. 25,388.) Writ denied January 3, 1913.

*Walter I. Lillie, in pro. per.*

*Roger I. Wykes,* Attorney General (*Charles W. McGill* and *George L. Hauser,* of counsel), for respondent.

BROOKE, J. This is an application for a writ of mandamus to compel the auditor general to issue a certificate of error canceling two certain tax deeds conveying lands belonging to the estate of which relator is trustee. Relator further prays:

"That your petitioner be allowed to redeem from the sale of said property for the tax thereon assessed for the year 1908 and sold as State tax land at the sale made in May, 1912, without paying the 100 per cent. as required by section 140 of the tax law of the State of Michigan."

Inasmuch as it appears from the petition and answer that relator on July 3, 1912, filed a bill of complaint in the circuit court for the county of Ottawa, in chancery, wherein the purchaser at the tax sale, his attorney in fact, and the respondent herein were made defendants, in which proceeding substantially the same questions are in-

volved as are here presented, we must decline at this time to pass upon the merits of the case.

Relator's rights either have been or may be fully protected by the payment into court of a sum of money sufficient to entitle him to a reconveyance upon any theory, after which the matters in controversy can be determined by the court to which relator has already appealed and which has assumed jurisdiction.

Writ denied.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.